# VanderWoude & Roma, PLLC

ATTORNEYS AT LAW

*103 Old Route 52*
*Stormville, New York 12582*

*NEIL VANDERWOUDE, Partner*  
*GERALD JOSEPH ROMA, Partner*  
*RACHEL L. BARMACK, Associate Attorney*  

TELEPHONE  
845.225.6686  

FACSIMILE  
845.225.4955  

*Admitted in New York and Connecticut*

August 1, 2018

Hon. Kenneth M. Karas  
United States District Court  
Southern District of New York  
300 Quarropas St.  
White Plains, NY 10601  

    Re:    Kivia C. Greene v. Diane Sampson, et al.  
           18-cv-6103  

Dear Judge Karas:

    This office represents defendants Diane and Sean Sampson ("the Sampsons") in the above matter. In accordance with your Individual Rules of Practice, I request a pre-motion conference prior to filing a motion to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

    Under Rule 8(a)(2) a complaint must contain a "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss the "complaint must contain sufficient factual matter …to 'state a claim to relief that is plausible on its face."[1] Although there is a more lenient standard in assessing the sufficiency of the complaint when the plaintiff is proceeding pro se, "pro se status does not relieve a plaintiff of the pleading standards otherwise prescribed by the Federal Rules of Civil Procedures."[2]

    Here, plaintiff's amended complaint alleges violations of 42 U.S.C. §1983 and 1964 Civil Rights Act stemming from a series of complaints she made about the Sampsons for her perception of being wronged. However, even with the more lenient pleading standard afforded to pro se litigants, Plaintiff cannot maintain any of the causes of action against the Sampsons. The Sampsons cannot be considered "state actors" as would be required for a §1983 action and the complaint is devoid of any factual allegations—or even a suggestion—that could be stretched by this Court to allow Plaintiff to maintain a suit under any title within the 1964 Civil Rights Act.

---

[1] *Deverow v City of New York*, 2017 WL 711763, at *2 (SDNY 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))  
[2] *Saidin v New York City Dept. of Educ.*, 498 F Supp 2d 683, 687 (SDNY 2007)

It is of moment that, by plaintiff's own account, she has brought a string of complaints against the Sampsons that are hyperbolic, and they have been treated as such by other authorities before reaching this Court. This action represents an abuse of process by a pro se party who is petulantly attempting to exercise her neighbors by using this Court to cost them time and money.

Additionally, the Sampsons also request permission to file a Rule 11 motion for sanctions as well as separately moving for attorney fees under 42 USC §1988. In the event that this Court grants plaintiff an opportunity to amend, and the amended Complaint is actually able to state a cause of action, those motions will be withdrawn. The bases for these motions are that plaintiff's claims are not only frivolous, unreasonable, and groundless but are brought in bad faith, vexatiously, wantonly, and for oppressive reasons.[3]

Wherefore, the Sampsons respectfully request a pre-motion conference at the Court's earliest convenience.

Thank you for your continuing courtesy herein.

Yours truly,

/s/ Gerald Joseph Roma
Gerald Joseph Roma

cc: Kivia C. Greene, *Pro Se* (via US Mail)
Daniel Petigrow, Esq (via ECF)
*Attorney for Defendant Jose Carrion*
Laura Wong-Pan, Esq. (via ECF)
*Attorney for Defendant Jose Carrion*
David L. Posner, Esq. (via ECF)
*Attorney for Defendant Marcus J. Molinaro*

---

[3] *Fariello v Campbell*, 860 F Supp 54, 71 (EDNY 1994).