```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
 KIVIA C. GREENE,

                         Plaintiff,                             MEMORANDUM OPINION
 v.                                                             AND ORDER

 DIANE AND SEAN SAMPSON, et al.,                                18-CV-06103 (PMH)

                         Defendants.
-----------------------------------------------------------X
```

PHILIP M. HALPERN, United States District Judge:

Plaintiff Kivia C. Greene ("Plaintiff"), proceeding *pro se*, brings claims under the Civil Rights Acts of 1964 and 42 U.S.C. § 1983.[1] Before the Court are three motions to dismiss made by defendants: (1) the Town of East Fishkill Supervisor Nicholas D'Alessandro ("D'Alessandro") and the Town of East Fishkill Police Chief Matthew Orsino ("Orsino") (together, the "Fishkill Defendants") dated August 19, 2020 (Doc. 81); (2) the Superintendent of the Wappingers Central School District Jose Carrion ("Carrion") dated August 24, 2020 (Doc. 86); and (3) the Dutchess County Executive Marcus Molinaro ("Molinaro") dated August 24, 2020 (Doc. 87). The Fishkill Defendants, Carrion, and Molinaro (collectively, "Defendants")[2] each moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all claims asserted against them.

For the reasons set forth below, the Court GRANTS Defendants' motions to dismiss.

---

[1] As discussed *infra*, Plaintiff indicated in opposition that she also intended to assert claims under "Human Rights Law 1948," which the Court assumes is a reference to the Universal Declaration of Human Rights. (*See* Doc. 47).

[2] Plaintiff also sued defendants Diane Sampson and Sean Sampson. Although the Sampsons's former counsel had indicated their intent to move to dismiss the Amended Complaint (Doc. 75), no motion was filed prior to the granting of counsel's motion to be relieved (Doc. 76), and the Sampsons instead filed, *pro se*, an Answer to the Amended Complaint (Doc. 79).

**BACKGROUND**

Plaintiff commenced this action on July 5, 2018. (Doc. 1). On July 13, 2018, Plaintiff filed an Amended Complaint which removed one defendant and added two more, but otherwise included the same allegations as her original complaint. (Doc. 4, "AC"). Plaintiff, who resides in Wappingers Falls in Dutchess County, New York, alleges that her next-door neighbors, Diane and Sean Sampson and their two children, have harassed her over the extended period of September 2, 2011 through June 5, 2018. (AC at 6-10).[3] She states that their dogs enter her property, they played the song "the wicked witch is dead" for thirty minutes, their children were shooting BB guns into the vinyl siding of her home, and they hung a "black belted noose" from a tree outside her window when she returned from vacation. (*Id*. at 6-9). Plaintiff alleges that she has repeatedly called the police but is dissatisfied with their efforts. (*Id*. at 8, ¶ 28 (referring to "years of exhaustion from calling the EFPD.")).

Plaintiff also alleges, without more, that she has sought "help and relief outside the East Fishkill Judicial System: Wappingers Falls Central School District; John Hickman: East Fishkill Town Supervisor; Marcus J. Molinaro: Dutchess County Executive, Human Rights Commission." (*Id.* at 9). She alleges that "a pattern of racism has been established." (*Id.*at 10).[4] Plaintiff seeks a refund of the school and property taxes she paid for the past ten years; as well as an award of $10 million in "punitive damages." (*Id*. at 11).

---

[3] Page numbers refer to those generated by ECF.

[4] Plaintiff has filed numerous actions for employment discrimination in this Court. *See Greene v. State of New York*, No. 95-CV-6580 (S.D.N.Y. Mar. 14, 2001) (dismissed); *Greene v. ARD-DC Assoc. of Retarded Citizens of Dutchess Cnty.*, No. 00-CV-3432 (S.D.N.Y. July 17, 2001) (settled with assistance of *pro bono* counsel); *Greene v. Green Chimneys Children Servs., Inc.*, No. 05-CV-8477 (S.D.N.Y.) (granting summary judgment for defendant on complaint alleging that dismissal for physical altercation with coworker was pretext for racism), *appeal dismissed*, No. 07-743 (2d Cir. Jul 9, 2007); *Greene v. Living Resources Corp.*, 09-CV-6679 (S.D.N.Y. Mar. 30, 2011) (granting summary judgment for defendant).

In September 2018, Defendants filed motions to dismiss the Amended Complaint (Docs. 30-46), which Plaintiff opposed (Doc. 47). After those motions were fully briefed, on January 25, 2019, counsel for defendants Diane and Sean Sampson notified Judge Karas that the Sampsons had filed for bankruptcy, and served a copy of the notice upon all parties, including Plaintiff. (Docs. 53, 54). On April 10, 2019, Judge Karas stayed the action pending resolution of the bankruptcy proceeding under 11 U.S.C. § 362(a) and the Court's inherent powers to stay its proceedings, and terminated the pending motions. (Doc. 55). On April 16, 2020, this action was reassigned to me.

On May 1, 2020, counsel for the Sampsons advised that their clients had been discharged in bankruptcy and thus the stay of this action could be lifted. (Doc. 62). Counsel sought also to press the prior motions to dismiss. (*Id.*). The Court issued an Order on May 14, 2020, noting that the motions to dismiss which were pending previously before Judge Karas had been terminated, explaining that the stay imposed by Judge Karas was vacated by its own terms, and directing the parties to comply with the letter exchange required by its Individual Practices. (Doc. 64). Defendants complied with the letter exchange requirement, and on June 5, 2020, the Court issued an Order which specifically advised Plaintiff that she was permitted leave to amend her complaint by July 6, 2020. (Doc. 76). On July 20, 2020, the Court issued an Order noting that Plaintiff had not filed any amended pleading, and accordingly, set a briefing schedule for the motions to dismiss. (Doc. 80).

Defendants filed their motions to dismiss in accordance with the briefing schedule. (Docs. 81, 86, 87). Plaintiff filed her opposition to the motions on September 24, 2020, in which she incorporated by reference the opposition she filed in connection with the earlier, terminated

3

motions to dismiss. (Docs. 47, 93).[5] The motions to dismiss were fully briefed on October 5, 2020, with the filing of Defendants' reply memoranda. (Docs. 94, 96, 97).

## **STANDARD OF REVIEW**

A Rule 12(b)(6) motion enables a court to consider dismissing a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations [in the complaint], a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). However, the presumption of truth does not extend to "legal conclusions, and threadbare recitals of the elements of the cause of actions." *Harris v. Mills*, 572

---

[5] In connection with her opposition to the motions to dismiss, Plaintiff filed a bevy of documents and photographs, unsupported by an affidavit as required by Local Civil Rule 7.1. The Court has discretion to overlook a failure to comply with Local Civil Rule 7.1, and exercises such discretion on this motion. *See*, *e.g.*, *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001); *Fiedler v. Incandela*, 222 F. Supp. 3d 141, 155 (E.D.N.Y. 2016). It is of no moment, however, whether the Court overlooks this failure, as none of the documents proffered by Plaintiff have any bearing on the Court's analysis herein.

F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. 662). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (internal quotation marks omitted)). Because *pro se* plaintiffs are often unfamiliar with the formalities of pleading requirements, courts must apply a more flexible standard in determining the sufficiency of a *pro se* complaint than they would in reviewing the complaint of an individual represented by counsel. *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357 (W.D.N.Y. 2002). While "[p]*ro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal* . . . dismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cty.*, No. 12-CV-6718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (internal citations omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case, [ ] 'although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" (quoting *Harris*, 572 F.3d at 72)).

Therefore, while the Court is "obligated to draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual allegations that [the plaintiff] has not pled." *Chavis*, 618 F.3d at 170. The Court also has a duty to interpret the pleadings of a *pro se* plaintiff liberally "to raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## ANALYSIS

I.   Plaintiff's Claims

Plaintiff's Amended Complaint is brought under the Civil Rights Act of 1964 and 42 U.S.C. § 1983. (*See* AC at 2). The Court notes that each of the Defendants sued herein is an individual, and Plaintiff does not identify whether her claims against such individuals are brought against them in their individual or official capacities. The gravamen of Plaintiff's Amended Complaint—and her arguments in opposition to the instant motions—is that there exists a long history of personal disputes between Plaintiff and her neighbors that she believes to be motivated by racial animus, and that has continued despite her alleged protestations due to "systematic racism." (*See generally* AC; Doc. 47 at 2, 4; Doc. 93 at 1). Plaintiff does not set forth any allegations against Defendants in the body of her pleading. She does allege that the East Fishkill police department did not adequately respond to her complaints against her neighbors, although she indicates they issued warnings and citations to the neighbors (AC at 9); and she alleges that she sought unspecified "help and relief" from the Wappingers Falls Central School District, the East Fishkill Town Supervisor, and the Dutchess County Human Rights Commission (*id.*). Thus, Plaintiff alleges, she has established a "pattern of racism." (AC at 10).

A.  The Civil Rights Act of 1964

With respect to the Civil Rights Act, Plaintiff does not identify under which of the eleven Titles comprising the Act she seeks relief: Title I (voting rights); Title II (barring discrimination in public accommodations); Title III (desegregation of public facilities); Title IV (desegregation of public education); Title V (powers of the Commission on Civil Rights); Title VI (nondiscrimination in federally assisted programs); Title VII (equal employment opportunity); Title VIII (compilation of voting statistics); Title IX (removal of civil rights cases to federal court);

Title X (establishment of Community Relations Service); Title XI (addressing criminal contempt in a matter arising under the Civil Rights Act).

Examining her claims with the "special solicitude" required for *pro se* litigants, *Shibeshi v. City of N.Y.*, 475 F. App'x 807, 808 (2d Cir. 2012), and drawing the most favorable inferences that the Amended Complaint supports, *Chavis*, 618 F.3d at 170, the Court finds that Plaintiff has simply failed to allege any violation under any of the Titles of the Civil Rights Act of 1964.[6] There are no facts which can be construed to create any claim, much less a viable claim, for relief under any of the separate Titles of the Civil Rights Act of 1964.

Separately, individual liability is generally precluded under the Civil Rights Act of 1964, foreclosing the possibility of a private right of action against each of the individually named Defendants. *See, e.g., Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010) (Title VII); *Goonewardena v. New York*, 475 F. Supp. 2d 310, 328 (S.D.N.Y. 2007) (Title VI). As noted, Plaintiff's Amended Complaint presses claims against individually named Defendants, only. Accordingly, Plaintiff's claims against Defendants under the Civil Rights Act of 1964 are dismissed.

---

[6] To the extent her Amended Complaint could be read to invoke Title VI, which bars racial and national origin discrimination by federally funded programs and activities, a plaintiff is required to show that he or she "was an intended beneficiary of the program or activity receiving the assistance" and the defendant "discriminated against the plaintiff on the basis of race, color, or national origin in connection with that program or activity." *Commodari v. Long Island Univ.*, 89 F. Supp. 2d 353, 378 (E.D.N.Y. 2000), *aff'd*, 62 F. App'x 28 (2d Cir. 2003). Here, Plaintiff does not allege she was an intended beneficiary of any program or activity receiving federal funding, nor that she was discriminated against in connection with such program or activity. Thus, she has failed to state any claim under Title VI. Likewise, to the extent Plaintiff seeks to invoke protections under Title VII, Plaintiff does not allege that she was an employee of the Town of East Fishkill, the County of Dutchess, the East Fishkill Police Department, or the Wappingers Falls Central School District, nor that she was an unsuccessful applicant for employment with any of the foregoing. Moreover, the allegations set forth in the Amended Complaint do not concern "compensation, terms, conditions, or privileges of employment." 42 U.S.C. § 2000e-2. There is simply no viable claim under the Civil Rights Act of 1964 alleged in Plaintiff's Amended Complaint.

B.  42 U.S.C. § 1983

With respect to Plaintiff's § 1983 claim, that law provides, in pertinent part, that "[e]very person who, under color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. "This language does not create substantive rights; rather, it creates a mechanism by which individuals can vindicate the violation of rights secured elsewhere." *Santucci v. Levine*, No. 17-CV-10204, 2021 WL 76337, at *3 (S.D.N.Y. Jan. 8, 2021). Thus to state a claim under § 1983, Plaintiff's pleading must demonstrate "(1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under color of state law, or a state actor." *Id.*; *see also Town & Country Adult Living, Inc. v. Vill./Town of Mount Kisco*, No. 17-CV-8586, 2019 WL 1368560, at *17 (S.D.N.Y. Mar. 26, 2019). "To establish a § 1983 claim, a plaintiff must show the defendants' personal involvement in the alleged constitutional violation." *Boley v. Durets*, 687 F. App'x 40, 41 (2d Cir. 2017) (citing *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)). The failure to allege that a defendant was personally involved in, or responsible for, the allegedly unlawful conduct complained of renders a complaint fatally defective on its face. *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir. 1987).

The government generally has no duty under the Fourteenth Amendment to protect an individual against harm from other private citizens. *See DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989). A person does not have a constitutional right to have a complaint accepted for investigation by a government agency, nor a protected constitutional interest in having another person prosecuted. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Tyk v. Surat*, 675 F. App'x 40, 42 (2d Cir. 2017); *Kellier v. Acosta*, No. 20-CV-1058, 2020 WL

8

1435003, at *4 (S.D.N.Y. Mar. 23, 2020); *Bernstein v. New York*, 591 F. Supp. 2d 448, 460 (S.D.N.Y. 2008).

In this case, although Plaintiff has invoked § 1983 in order to state claims against Defendants, she does not address what constitutional violations are being alleged, and does not allege what these individual Defendants personally did or failed to do that violated her rights, or that a policy or custom of East Fishkill or Wappingers Falls caused any violation of her rights. Absent any allegations concerning the violation of a constitutionally protected right, or allegation that these Defendants were personally involved in, or responsible for, the allegedly unlawful conduct complained of, Plaintiff's pleading is insufficient to state a claim against Defendants under 42 U.S.C. § 1983.

Accordingly, Plaintiff's claims against Defendants under 42 U.S.C. § 1983 are dismissed.

### C.  The Universal Declaration of Human Rights

Plaintiff requested in her opposition to "remove the 1983 Civil Rights Law and replace it with Human Rights Law 1948." (Doc. 47 at 2 (emphasis omitted)). Even were the Court to consider Plaintiff's original opposition papers as an amendment to her pleading, which it does not, the claim she seeks to assert would not survive. It is well established that the Universal Declaration of Human Rights is a non-binding resolution and does not create federal claims for relief. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 735 (2004); *Greenland v. Municipality of Westchester Cty.*, No. 18-CV-3157, 2019 WL 4640061, at *5 (S.D.N.Y. Sept. 24, 2019).

## **CONCLUSION**

Defendants' motions to dismiss pursuant to Rule 12(b)(6) are GRANTED. While "[d]istrict courts should frequently provide leave to amend before dismissing a *pro se* complaint . . . leave to amend is not necessary when it would be futile." *Reed v. Friedman Mgt. Corp.*, 541 F. App'x

40, 41 (2d Cir. 2013) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Here, having already amended her Complaint once, the Court permitted Plaintiff the additional opportunity to amend her pleading again, which she failed to do. (Docs. 76, 80). In any event, the Court dismisses the claims alleged in Plaintiff's Complaint against the moving Defendants with prejudice as any amendment would be futile.

The Clerk of Court is respectfully directed to terminate Nicholas D'Alessandro, Matthew Orsino, Jose Carrion, and Marcus Molinaro as defendants herein, and to terminate the pending motions (Docs. 81, 86, 87). The Clerk of Court is further requested to mail copies of this Memorandum Opinion and Order to the *pro se* parties herein.

**SO ORDERED:**

Dated: New York, New York
       February 2, 2021

_____
Philip M. Halpern
United States District Judge