UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
KIVIA C. GREENE,

                           Plaintiff,

                                                              **ORDER TO SHOW CAUSE**

v.

                                                              18-CV-06103 (PMH)

DIANE AND SEAN SAMPSON, et al.,

                           Defendants.
-----------------------------------------------------------X
PHILIP M. HALPERN, United States District Judge:

       On January 25, 2019, counsel for defendants Diane and Sean Sampson ("the Sampsons") notified Judge Karas, who was then presiding over this matter, that the Sampsons had filed a bankruptcy petition, and served a copy of the notice upon all parties, including Plaintiff. (Docs. 53, 54). A review of the public docket in the Chapter 7 bankruptcy proceeding in the Southern District of New York (No. 19-35063-cgm), reveals that the Sampsons filed a Joint Chapter 7 Voluntary Petition on January 14, 2019.[1] On January 14, 2019, a Notice of Chapter 7 Bankruptcy Case was mailed to Plaintiff which, *inter alia*, set forth the deadline of April 15, 2019 to object to discharge or to challenge whether certain debts are dischargeable. (Bankr. Doc. 5). The Sampsons listed Plaintiff as a creditor; indeed, in their Amended Schedules E/F, the Sampsons listed Plaintiff's lawsuit against them and state officials. (Bankr. Doc. 15 at 7). On April 15, 2019, an Order and Stipulation was entered extending the time for the United States Trustee and the Chapter 7 Trustee to object to the Sampsons's discharge to June 13, 2019. (Bankr. Doc. 19). On June 21, 2019, Chief Judge Morris issued an Order of Discharge of Debtors and Final Decree, noting that no order denying a discharge had been granted, and closing the case (the "Discharge Order").

---

[1] Citations to the electronic docket in the subject bankruptcy proceeding are referred to herein as "Bankr. Doc."

(Bankr. Doc. 22). Notice of the Discharge Order was mailed to Plaintiff. (Bankr. Doc. 22-1). Plaintiff indisputably had notice of the bankruptcy case and the Discharge Order.

On September 25, 2019, the Sampsons's counsel filed a motion to reopen the bankruptcy case for the limited purpose of permitting the Debtors to move pursuant to 11 U.S.C. § 524(a)(2) and hold Brain and Spine Surgeons of New York PC in contempt for its willful violation of the Discharge Order. (Bankr. Doc. 24). The case was reopened for that limited purpose, and on March 3, 2020, Chief Judge Morris granted the Sampsons's motion for contempt. (Bankr. Doc. 31). On March 27, 2020, an Order denying a motion for reconsideration of the contempt Order was entered. (Bankr. Doc. 38).

On May 1, 2020, counsel for the Sampsons in this action advised the Court that their clients had been discharged in bankruptcy and thus the stay of this action could be lifted. (Doc. 62). On May 5, 2020, Plaintiff filed a letter in the bankruptcy case, asking the Bankruptcy Court: "How can you grant this discharge, when the federal judge hasn't made a decision on civil suit? There is no judgement [sic] amount next to my name. Does this mean infinity amount?" (Bankr. Doc. 39).

On May 14, 2020, I issued an Order which, *inter alia*, explained that the stay imposed by Judge Karas was vacated by its own terms, and directed the parties to comply with the letter exchange required by my Individual Practices prior to making any motions to dismiss. (Doc. 64). On June 5, 2020, the Sampsons's counsel in this action, pursuant to my Individual Practices, filed a pre-motion letter seeking leave to file a motion to dismiss. (Doc. 75). In their letter, the Sampsons argued, *inter alia*, that this action should be immediately withdrawn as against the Sampsons as it is barred under the Discharge Order. (*Id.*). On June 5, 2020, I issued an Order which granted the Sampsons's counsel motion to withdraw. (Doc. 76). In that Order I specifically advised Plaintiff that she was permitted leave to amend her complaint by July 6, 2020. (*Id.*). On June 30, 2020, the

Sampsons's bankruptcy case was again marked closed. On July 13, 2020, the Sampsons filed an Answer to Plaintiff's Amended Complaint, alleging that the Discharge Order bars this action against them. (Doc. 79). On July 20, 2020, I issued an Order noting that Plaintiff did not avail herself of the opportunity to file another amended pleading in this action, and accordingly, set a briefing schedule for the other Defendants' motions to dismiss. (Doc. 80).

In a separate Memorandum Opinion and Order issued today, I granted the motions to dismiss filed by defendants Nicholas D'Alessandro, Matthew Orsino, Jose Carrion, and Marcus Molinaro. Thus, the only remaining Defendants in this action are the Sampsons, who have been discharged in bankruptcy. Pursuant to 11 U.S.C. § 524(a)(2), a bankruptcy discharge operates as an injunction against the continuation of a civil action such as this one. Plaintiff did not file an objection to the Sampsons's discharge within the time permitted to file such objections, and her time to object to discharge of the debt has long expired pursuant to 11 U.S.C. § 523(c) and Bankruptcy Rule 4007(c). Violations of a discharge injunction are punishable by contempt. *In re Eppolito*, 583 B.R. 822, 826 (Bankr. S.D.N.Y. 2018).

Accordingly, it is hereby ORDERED that Plaintiff show cause in writing on or before March 5, 2021, why this action should not be dismissed as against the remaining Defendants, the Sampsons, pursuant to 11 U.S.C. § 524(a)(2). Failure to comply with this Court's Order will result in dismissal of this case. The Clerk of Court is requested to mail copies of this Order to Show Cause to the *pro se* parties herein.

**SO ORDERED:**

Dated: New York, New York
       February 2, 2021

_____
Philip M. Halpern
United States District Judge