UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
KIVIA C. GREENE,

                             Plaintiff,

                                                       **ORDER**

v.

                                                      18-CV-06103 (PMH)

DIANE AND SEAN SAMPSON, et al.,

                             Defendants.
-----------------------------------------------------------X
PHILIP M. HALPERN, United States District Judge:

      On February 2, 2021, the Court issued an Order to Show Cause why this action should not be dismissed as against the remaining Defendants Diane and Sean Sampson ("the Sampsons"), pursuant to 11 U.S.C. § 524(a)(2). (Doc. 100). As set forth in the Order to Show Cause, the Sampsons were discharged in bankruptcy, and Plaintiff indisputably had notice of both the bankruptcy case and the discharge order. (*Id.*). The Court advised Plaintiff of the applicable law, specifically, that pursuant to 11 U.S.C. § 524(a)(2), a bankruptcy discharge operates as an injunction against the continuation of a civil action such as this one; and that violations of a discharge injunction are punishable by contempt. (*Id.* (citing *In re Eppolito*, 583 B.R. 822, 826 (Bankr. S.D.N.Y. 2018)). As further set forth in the Order to Show Cause, Plaintiff did not file an objection to the Sampsons's discharge within the time permitted to file such objections, and her time to object to discharge of the debt was long expired pursuant to 11 U.S.C. § 523(c) and Bankruptcy Rule 4007(c). (*Id.*). Plaintiff was warned that failure to comply with this Court's Order would result in dismissal of this case (*id.*); in other words, to maintain this action, Plaintiff was required to respond to the Order to Show Cause with authority that would permit this case to proceed against the Sampsons despite the existence of the discharge injunction.

1

On March 5, 2021, Plaintiff filed a response to the Order to Show Cause, comprised of three pages of text and seven pages of photographs. (Doc. 101). The submission simply does not show cause why this action may proceed against the Sampsons in light of the discharge injunction. Rather, Plaintiff recounts the alleged conduct that compelled her to commence this action; makes new allegations that Court's February 2, 2021 Memorandum Opinion and Order dismissing the other Defendants from this action (Doc. 99) resulted in trespassing and attempted burglary of her home as well as three "gang[s] of students. . . banging pipes, screaming profanities"; and references the events that occurred on January 6, 2021 at Capitol Hill. (Doc. 101). Plaintiff contends that this Court may impose "stipulations" on the Sampsons despite their bankruptcy discharge, but provides no authority for such contention. (*Id*.).

While the Court is sensitive to Plaintiff's dilemma with her neighbors, and under no circumstances does the Court condone the alleged "intimidation tactics" described by Plaintiff (*id*. at 1), its hands are tied by 11 U.S.C. § 524(a)(2), 11 U.S.C. § 523(c), and Bankruptcy Rule 4007(c).

Accordingly, this case is DISMISSED. The Clerk of Court is respectfully directed to close this case, and to mail copies of this Order to the *pro se* parties herein.

**SO ORDERED:**

Dated: White Plains, New York
March 15, 2021

_____
Philip M. Halpern
United States District Judge